IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40181 |
| | ) | |
| BYRON SCOTT HAAS, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### ORDER

Hearing was held in Lincoln, Nebraska, on April 4, 2007, on Debtor's Motion for Contempt and Sanctions (Fil. #9), and a Resistance by creditor Midwest Asset Control (Fil. #14). Lea Wroblewski appeared for Debtor, and Ashley L. Faier and Mark Smith appeared for Midwest Asset Control ("Midwest").

The relevant facts are undisputed. On August 21, 2006, Midwest obtained a state court judgment against Debtor in the amount of $5,287.73. The law office of Mark A. Smith was, and is, counsel for Midwest. After obtaining the judgment, Midwest and Mr. Smith commenced execution on the judgment with a wage garnishment.

On January 30, 2007, Debtor filed this Chapter 7 bankruptcy proceeding, and the automatic stay of 11 U.S.C. § 362(a) went into effect. On February 1, 2007, a "Suggestion in Bankruptcy" was filed in the County Court of Lancaster County, Nebraska, advising all concerned that the automatic stay was in effect and that all further proceedings pursuant to the state court judgment should cease. A copy of the Suggestion in Bankruptcy was mailed to Mr. Smith on January 31, 2007.

On February 15, 2007, upon learning that Debtor's wages were still being garnished, Debtor's counsel wrote a letter to Mr. Smith advising him again of the bankruptcy filing and stating that Debtor's wages continued to be garnished. The letter further specifically requested the immediate filing of a release of the garnishment. The letter was sent to Mr. Smith by facsimile transmission on February 15, 2007.

On February 27, 2007, Debtor's counsel again contacted Mr. Smith's office and spoke to a legal assistant. During that conversation, Debtor's counsel advised that Debtor's wages were still being garnished and again requested a release of the garnishment. On March 2, 2007, Debtor filed his motion requesting sanctions against Midwest and Mark Smith for violation of the automatic stay of 11 U.S.C. § 362(a). A release of the garnishment was sent to the Lancaster County Court on March 8, 2007.

Midwest and Mr. Smith handle a large volume of collection matters and are familiar with automatic stay issues. The defense provided by Mr. Smith and Midwest is that in their experience, a physical release of garnishment has not typically been necessary when a debtor has filed a suggestion in bankruptcy. Most, if not all, courts that they deal with automatically release garnishments upon the filing of a suggestion in bankruptcy. Apparently, there has been a recent change of rules in the Lancaster County Court where the

simple filing of a suggestion in bankruptcy is not sufficient. A physical release of the garnishment is now necessary. Mr. Smith and Midwest were not aware of that change in rules prior to this proceeding. Accordingly, at first blush, it would appear that Midwest and Mr. Smith were justified in relying upon their past experience in handling county court garnishments.

However, it is undisputed that Debtor's counsel twice contacted Mr. Smith's office *after* filing the suggestion in bankruptcy to advise that Debtor's wages were still being garnished. Once with a letter sent by facsimile transmission on February 15, 2007, and again by a phone call on February 27, 2007. Thus, Mr. Smith and Midwest were aware on February 15, 2007, that the filing of the suggestion in bankruptcy was not enough to stop the wage garnishment. They did not release the wage garnishment until Debtor's motion was filed.

By failing to take prompt action to release the wage garnishment upon being advised that wages were still being garnished post-petition, Midwest and the law office of Mr. Smith did violate the automatic stay of 11 U.S.C. § 362(a). They have purged themselves of any such contempt by subsequently releasing the garnishment. However, the fact remains that the automatic stay was violated and Debtor was financially inconvenienced as a result. Accordingly, Midwest and Mr. Smith are hereby ordered to pay to Debtor the total sum of $250.00 as a sanction for violation of the automatic stay of 11 U.S.C. § 362(a).

IT IS ORDERED: That Midwest and the law office of Mr. Smith are ordered to pay to Debtor the total sum of $250.00 as a sanction for violation of the automatic stay of 11 U.S.C. § 362(a).

DATED: April 5, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Lea Wroblewski
    Ashley L. Faier
    Mark A. Smith
    Rick D. Lange
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.